**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RASHID M. CHAUDHRY,

Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION; MOBIL

No. 98-1663

OVERSEAS SERVICES, INCORPORATED;
MOBIL OIL QATAR, INCORPORATED;
MOBIL NORTH SEA LIMITED,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-2034-A)

Argued: March 3, 1999

Decided: July 20, 1999

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Ervin wrote the opinion, in
which Judge Hamilton and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Jodi Therese Tuer, MCDONALD & KARL, Washington,
D.C., for Appellant. Neal David Mollen, PAUL, HASTINGS,
JANOFSKY & WALKER, L.L.P., Washington, D.C., for Appellees.
**ON BRIEF:** John F. Karl, MCDONALD & KARL, Washington,

D.C., for Appellant. Barbara B. Brown, Ellen C. Rice, PAUL, HAS-TINGS, JANOFSKY & WALKER, L.L.P., Washington, D.C., for Appellees.

_____

**OPINION**

ERVIN, Circuit Judge:

This employment discrimination action concerns the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e-2000e-17 (West 1994 & Supp. 1999), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1999), to a foreign national. Rashid M. Chaudhry ("Chaudhry"), a Canadian citizen, was employed by the Mobil Oil Corporation ("Mobil") overseas. Chaudhry claimed that Mobil violated Title VII and the ADEA when it failed to transfer him to the United States in retaliation for his discrimination complaints. Mobil filed two pretrial motions in this case. First, Mobil moved for the grant of a protective order staying discovery. Second, Mobil moved to dismiss Chaudhry's case for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court granted both motions and Chaudhry appealed. Finding that the stay of discovery was not an abuse of discretion, and that Chaudhry's complaint failed to state a claim upon which relief can be granted, we affirm.

I.

Chaudhry worked for Mobil overseas in London, England and Doha, Qatar for 18 years, from July 1979 to his termination on April 30, 1997. He is a Canadian national of Pakistani origin and Muslim faith. He was 53 years old when he was terminated by Mobil.

Chaudhry brought the current lawsuit under Title VII, the ADEA, and Virginia law on December 19, 1997. Chaudhry amended his complaint on January 29, 1998. Mobil moved for a protective order and stay of discovery pending the filing of its motion to dismiss. A magistrate judge granted the protective order and stay of discovery on February 27, 1998, pending resolution of Mobil's motion to dismiss.

2

Chaudhry moved the district court to reconsider the motion for a protective order. The district court referred Chaudhry's motion back to the magistrate judge who denied the motion to reconsider.

Mobil filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on March 9, 1998. The district court waived a hearing and granted the motion to dismiss on April 6, 1998. Chaudhry appealed his federal claims.

II.

When reviewing a district court's denial of discovery, we review findings of fact for clear error and decisions of law for an abuse of discretion. See Fed. R. Civ. P. 26; Watson v. Lowcountry Red Cross, 974 F.2d 482, 485 (4th Cir. 1992). We review a motion to dismiss de novo. We accept all the properly pled allegations of the complaint as true and construe all facts in the light most favorable to the plaintiff. See Fed. R. Civ. P. 12(b)(6); Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). There is a strong presumption against the extraterritorial application of federal law. See EEOC v. Arabian Am. Oil Co., 499 U.S. 244, 248 (1991). The district court had federal question jurisdiction pursuant to 28 U.S.C.A. §§ 1343(a)(3), (a)(4) (West 1993). Because this case is an appeal of a final decision of a district court, this Court has appellate jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1999).

III.

Chaudhry argued that the district court incorrectly (1) dismissed this case and (2) granted Mobil a protective order and stay of discovery. After review, we find no error.

A.

Chaudhry argued that the district court should not have dismissed his complaint. We hold that the district court correctly dismissed Chaudhry's complaint because it failed to establish that he was qualified for employment.

To be eligible for Title VII protection, a plaintiff must show that he was qualified for employment. See Egbuna v. Time-Life Libraries, Inc., 153 F.3d 184, 187 (4th Cir. 1998). This Court recently held in Egbuna that a foreign national who applies for a job in the United States is entitled to Title VII protection "only upon a successful showing that the applicant was qualified for employment." 153 F.3d at 187. A foreign national is qualified for employment if "the applicant was an alien authorized for employment in the United States at the time in question." Id. The Immigration Reform and Control Act of 1986 requires that an alien obtain specific documentation to become authorized for employment in the United States. See 8 U.S.C.A. § 1324a(b) (West 1999). During oral argument, Chaudhry conceded that he did not have the specific documentation required to become authorized for employment in the United States at the time when he alleged Mobil discriminated against him. Chaudhry, therefore, was not qualified for employment and is ineligible for Title VII protection. Since the ADEA also requires that a plaintiff be qualified for employment, Chaudhry is also ineligible for ADEA protection. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995) (requiring that an applicant prove "she was qualified for a job" as part of the ADEA prima facie case).

B.

In the alternative, Chaudhry argued that if the motion to dismiss was properly granted, he was nevertheless entitled to discovery and an evidentiary hearing to insure that the underlying jurisdictional facts were based upon an adequately developed trial record. See Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 (11th Cir. 1982).

Chaudhry incorrectly characterized the motion to dismiss below as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Brief for Appellant at 10-14. The record clearly indicates that the motion to dismiss was pursuant to Fed. R. Civ. P. 12(b)(6). Mobil's counsel explained during the motion hearing, "Our motion is not a 12(b)(1) motion. It is a 12(b)(6) motion. Our motion is based on the fact that if you accept the truth of the allegations that the plaintiff has made in the complaint, he has got no Title VII claim and no ADEA claim." J.A. at 339-40.

The only way Chaudhry could possibly have been entitled to discovery was if Mobil had attacked the factual basis for jurisdiction. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (A factual attack alleges "that the jurisdictional allegations of the complaint were not true."). Such was not the case. Even accepting all of the factual allegations in the complaint as true, Chaudhry still failed to state a claim. Chaudhry attempted to establish jurisdiction by alleging that both the Mobil officials who discriminated against him and the jobs they promised him were located in the United States. Even assuming that these allegations were true, it is undisputed that Chaudhry still was not qualified for employment in the United States. The district court did not abuse its discretion by staying discovery and refusing to grant Chaudhry an evidentiary hearing.

IV.

For the foregoing reasons, we affirm the district court's stay of discovery and dismissal of this case.

AFFIRMED

5