Diane Weaver **HARVEY**, Plaintiff,

v.

**NATIONAL ACTION FINANCIAL SERVICES, INC.,** and John Does 1–10, Defendants.

**No. 99 C 2191.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 7, 1999.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Christopher Russell Zink, Edelman, Combs & Latturner, Chicago, IL, for plaintiff.

David Matthew Schultz, Richard B. Polony, Karen Elaine Tinglin, Hinshaw & Culbertson, Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff received a collection letter from a debt collector. In relevant part, it reads as follows:

> CREDITOR: CAPITAL ONE SERVICES, INC.
> REFERENCE: 412741300438400
> BALANCE: $2,668.08

DEAR WEAVER DIANE:

CAPITAL ONE SERVICES, INC. HAS ASSIGNED YOUR DELINQUENT ACCOUNT TO OUR AGENCY FOR COLLECTION EFFORTS.

THE ABOVE LISTED BALANCE DOES NOT INCLUDE THE MOST RECENT LATE CHARGES ASSESSED, ANY APPLICABLE OVER THE LIMIT FEES, OR YOUR MOST RECENT DAILY INTEREST CHARGES.

PLEASE REMIT THE BALANCE LISTED ABOVE IN THE RETURN ENVELOPE PROVIDED, THE PROPER ADDRESS TO REMIT IS AS FOLLOWS:

> CAPITAL ONE SERVICES, INC.
> ATTN: PAYMENT REMITTANCE
> 11013 WEST BROAD STREET ROAD
> GLEN ALLEN, VA 23060–0001

TO OBTAIN YOUR MOST CURRENT BALANCE INFORMATION, PLEASE CALL 1–800–916–9006, OUR FRIENDLY AND EXPERIENCED REPRESENTATIVES WILL BE GLAD TO ASSIST YOU AND ANSWER ANY QUESTIONS YOU MAY HAVE.

She thereafter filed bankruptcy. A claim against National Action Financial Services, Inc. (NAFS) was not included in her personal property schedule and she did not list it as an exempt asset. The trustee filed a "no assets" report on January 28, 1999. On February 23, 1999, plaintiff filed an amended Schedule C, which added the claim as a 100 per cent exempt action and described the value as speculative. The total assigned value of other exempt assets is $1,920, leaving $80 remaining of the $2,000 wild card exemption.

Plaintiff claims the collection letter violates 15 U.S.C. § 1692g, because that provision requires that, in the initial communication or shortly thereafter, the debt collector provide a validation notice that contains "(1) the amount of the debt," and the amount of the debt is not sufficiently specified. Defendant NAFS moves to dismiss, arguing that plaintiff lacks standing to sue and that, alternatively, the representation of the amount of the debt conforms to the statute. We believe the plaintiff has standing but we dismiss because we conclude as a matter of law that the representation of the amount of the debt satisfies the statute.

■ The plaintiff amended her schedule, noting that the claim might have a maximum value of $1,000, that there was no minimum (it might be worthless) and that the value was speculative. That was the best she could do. The trustee did not object and did not assert a right to any amount over $80 or to control the claim. Time passed. The claim became exempt. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). She now may sue as the owner of the claim.

■ What was disclosed to the debtor? The balance due was disclosed as $2,668.08, but it is also stated that it did not include the most recent late charges assessed, any applicable over-the-limit fees, or the most recent daily interest charges. Further, it provided an 800 number to call to obtain the most current balance information. Thus the disclosure is of a set amount plus a minor add-on

which can be determined by a free telephone call. Plaintiff contends that it is not good enough. The letter, she believes, should provide a means of determining additional charges on a daily basis, thus permitting the debtor to compute a precise balance.

We disagree. The standard is that of an unsophisticated consumer. Plaintiff argues that the disclosure would leave an unsophisticated investor scratching his head about what she owes. Obviously the disclosure cannot give a precise figure because it keeps increasing, albeit slowly. We think the provision of a telephone number to get the current balance will lead to less head-scratching than providing various per diem formulae from which our unsophisticated consumer can attempt to calculate a current balance. We think plaintiff received fair notice even beyond that afforded in *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502 (4th Cir.1999).