# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANIL GOEL,

        *Plaintiff-Appellant,*

v.

REICHHOLD CHEMICALS, INCORPORATED, a/k/a Reichhold, Incorporated,

        *Defendant-Appellee.*

No. 00-1128



Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-99-535-5-BR)

Argued: September 27, 2000

Decided: October 26, 2000

Before MOTZ and TRAXLER, Circuit Judges, and
Frederick P. STAMP, Jr., Chief United States District Judge
for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Lisa Grafstein, GRAFSTEIN & WALCZYK, P.L.L.C., Raleigh, North Carolina, for Appellant. Lester Neal Ellis, Jr., HUNTON & WILLIAMS, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Edward McConnell, MCCONNELL LAW OFFICES, Mis-

sion, Kansas, for Appellant. Matthew P. McGuire, Heather Bell Adams, HUNTON & WILLIAMS, Raleigh, North Carolina; Joseph M. Lischwe, REICHHOLD CHEMICALS, INC., Research Triangle Park, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anil Goel brought this diversity action for malicious prosecution against Reichhold Chemicals, Inc. ("Reichhold"). Goel alleges that Reichhold wrongfully and maliciously sued Goel for trade secret misappropriation and breach of contract in an earlier state court action. The district court granted Reichhold's motion to dismiss, and this appeal followed. We affirm.

I.

Because this is an appeal from a grant of Reichhold's motion to dismiss, we must read the complaint in the light most favorable to Goel and take his factual allegations as true. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999).

In February 1990, Goel began working at Swift Adhesives, Inc. ("Swift"), a Chicago division of Reichhold. Goel, an expert in the field of moisture-cured polyurethane adhesives, was hired as Vice President of Research and Development. As a condition of employment, Goel signed a non-compete agreement.

In 1994, Reichhold moved the Swift operation to North Carolina, phased out Goel's position, and demoted Goel to the head of the Automotive Adhesives Unit. In November 1994, while still employed by Reichhold, Goel discussed the possibility of helping Imperial

Adhesives, Inc. ("Imperial") develop moisture-cured reactive adhesives. Goel and Imperial ultimately entered into a consulting agreement that, according to Goel, was not to begin until January 1997, after Goel left his employment with Reichhold. Goel, however, visited Imperial and discussed general requirements for initial product development prior to January 1997.

In September 1996, an Imperial secretary, Janet Siler, told Reichhold officials that she suspected that a man named "Anil" was engaged in improper conduct. Siler met with a Reichhold executive to discuss the matter and entered into an agreement, through counsel, to assist Reichhold in its efforts to investigate possible claims against Goel and Imperial. Siler's counsel subsequently contacted the Federal Bureau of Investigation with information regarding possible trade secret theft. After investigation, the FBI, on October 30, 1996, determined that the claims of trade secret misappropriation were unsubstantiated. Reichhold nevertheless brought immediate suit against Imperial and terminated Goel, who never consulted for Imperial under their agreement.[1]

On February 5, 1997, Reichhold also filed suit against Goel in North Carolina state court seeking damages for the alleged disclosure and misappropriation of trade secrets and fraudulent business expenses. In response, Goel asserted counterclaims for tortious interference with contract, defamation, unpaid wages, unfair and deceptive trade practices, and punitive damages. Following a bench trial, the court awarded Reichhold $18,940 in damages on the fraud claim, and Goel more than $2.8 million on the claims of tortious interference, unpaid wages, and punitive damages. The parties have appealed those rulings to the North Carolina Court of Appeals.

Soon after the judgments in the state court action, Goel filed the instant suit in federal court. Goel alleges that as a result of Reichhold's malicious prosecution of Goel in state court, he has sustained "mental pain and suffering, fright, nervousness, indignity, humilia-

---

[1]Indeed, at oral argument, Reichhold contended that Imperial withdrew the consulting agreement shortly after being sued by Reichhold in October 1996 — three months prior to Reichhold's initiation of its action against Goel.

tion, embarrassment, insult, damage to reputation, attorney's fees, costs of defense and lost business opportunities."

The district court granted Reichhold's motion to dismiss on the ground that Goel did not allege any "special damages" — e.g., interference with person or protected property interest — resulting from the prior civil proceeding. It is well-established that allegation and proof of special damages are essential elements of a malicious prosecution action under North Carolina law. *See Stanback v. Stanback*, 297 N.C. 181, 204, 254 S.E.2d 611, 626 (1979). The district court found that Goel failed to allege that Reichhold's previous suit caused the loss of any protected property right; the lost business opportunities did not rise to the level of special damages. Instead, the court found, Goel alleged only damages that are normally faced in the ordinary course of litigation, and are not "special" at all.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court reached the correct result.[2] We therefore affirm on the reasoning of the district court. *See Goel v. Reichhold Chemicals, Inc.*, No. 5:99-CV-535-BR(2) (E.D.N.C. Dec. 18, 1999).

*AFFIRMED*

---

[2]We need not and do not hold that loss of a contractual consulting agreement can never amount to special damages under North Carolina law, only that the facts alleged in this case simply cannot sustain a claim for malicious prosecution.