John R. ROY, Gary Waller, David Rhoten, Daniel C. Force, Crystal Galloway, Gary W. Holmes, Eric T. Bushey, M.T. Hammond, John R. Lillard, David H. Dixon, Gary Semones, Richard McManus, Jr., Jason Hentz, Patricia H. Dupuis, Curtis Scott Ward, Mike Tanner, Gary A. Seibert, Robert McKeever, John L. Windhorn, Bobby Daggerhart, Melissa P. Harrison, Jay F. Burton, Teresa Hill, B.L. Burnes, Dwight C. Nolff, Thad C. Miller, David W. Shull, David E. Davis, Patricia H. Barnett, Joseph J. Rooney, Kevin G. Hicks, Robbie Kubler, Dalton E. Shull, John V. Ruff, Jr., Eric McFarland, James Garcia, Cynthia D. Plant, Robert D. McClanahan, George E. Hardy, Fern Jenkins, Jason Logan, Mildred H. Miller, Betty Koerner, J. Stuart Platt,

Evelyn J. Williams, Jacqueline Fink, Jonathan L. Humphrey, Carroll W. Bledsoe, Jr., Johnathan M. Sebring, Alice H. Bennett, Tony L. Wingard, Stephen C. Sightler, and Tami Leigh Steinlage, Plaintiffs,

v.

COUNTY OF LEXINGTON, SOUTH CAROLINA, Defendant.

Civil Action No. 3:93–2292–19.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 18, 1996.

Gerald Frederick Smith of Svalina, Richardson & Larson, and James Brown Richardson, Jr., Columbia, SC, for plaintiffs.

Stephen Terry Savitz and Linda Pearce Edwards of Gignilliat, Savitz & Bettis, Columbia, SC, for defendant.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

In an Order filed May 13, 1996, this Court disposed of all liability issues in this action for overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* During the time that this matter was referred to a special master to compute damages, the Fourth Circuit Court of Appeals clarified issues regarding the fluctuating workweek method of pay, *see* § 778.114, in *Bailey v. County of Georgetown*, 94 F.3d 152 (4th Cir.1996). After having received supplemental briefing from the

parties, this Court concludes that, based on *Bailey*, Part VI of the Order filed May 13, 1996, must be vacated and replaced with this Order. All other portions of the Order shall remain as written.

■■■ As explained in the Order filed May 13, 1996, the Emergency Medical Services (EMS) employees in this case were paid pursuant to the fluctuating workweek schedule, which means that their overtime was based on one-half of their regular hourly rate for the week. *See* § 778.114. The employees contend that Lexington County failed to comply with § 778.114 and that therefore they were entitled to be paid time and one-half overtime. *See id.*; 29 U.S.C. § 207(a)(1). Specifically, they argue that there was no "clear mutual understanding of the parties" as to their compensation. *See* § 778.114. *Bailey* makes clear in this circuit that as to the parties' understanding regarding compensation, the regulation requires only that the employees be informed, whether in writing or otherwise, that they are paid based on a fixed salary while the regular hours that they work fluctuate from week to week. *Bailey*, 94 F.3d at 154–57. It is not necessary that they be explained how any overtime they receive in addition to their salary is calculated. *Id.*

■■ Lexington County explained to the employees and the employees understood that they were paid a fixed salary apart from overtime, even though the regular hours upon which that fixed salary was based actually varied among weeks. As discussed in the Order filed May 13, 1996, the annual salary was divided into bi-weekly paychecks, which compensated the employees for 86 regular hours each. Each check also included pay for any overtime hours, such as sleep interruptions. Although the employees were paid a fixed amount every two weeks for 86 regular hours, the actual number of regular

hours they worked in those two weeks fluctuated because they worked on a three-day recurring cycle of twenty-four and one-half hours on and forty-seven and one-half hours off. EMS Coordinator Tom Gross told new employees that they would be paid $\frac{1}{26}$th of their annual salary on a bi-weekly basis and sometimes "a little bit more" for their work arrangement. Also, the employees testified to the effect that they were salaried for 86 regular hours every two weeks and that the only change in their paychecks was for overtime. Further, it was obviously clear to the employees that they did not regularly work 86 hours every two weeks because of their one day on and two days off schedule. Thus, the salary arrangement was clear to the employees. As this court explained in its prior Order in Part VI, the employees were not explained and did not understand how their overtime was calculated, but this fact is not relevant under § 778.114. Accordingly, Lexington County did not err by paying these employees based on the fluctuating workweek schedule.[1]

Because this Court hereby vacates Part VI of the Order of May 13, 1996, and finds that the fluctuating workweek was a proper method of pay under these facts, the special master must recalculate the employees' damages consistent with this opinion and reexamine attorney's fees as warranted.

IT IS SO ORDERED.

---

1. The employees alternatively argue that § 778.114 is not applicable because the workweek did not "fluctuate" for purposes of the regulation. As they note, they worked on a regularly recurring three-day cycle of twenty-four and one-half hours on and forty-seven and one-half hours off. Thus, even though the regular hours they worked in a week were not the same, their regular hours over a period of weeks were pre-dictable, and they could rely on the cycle to determine when they would work on any particular date in the future. However, the fact that the cycle recurs does not mean that the hours do not fluctuate. It is not necessary for regular hours to be sporadic for the regulation to be applied; it is sufficient that the regular hours vary from one workweek to another, as they do here. The Court therefore rejects this argument.