**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JULIA FLOOD; DRAKE FOX; ROBERT
HOWLETT; KATHERINE JOHNSON;
KAREN KEROACK; ANTHONY MARTIN;
JAMES MCLEAN;JOHN MCMILLIAN;
DAVID MILLER; LORA MILLER;
MICHAEL NAVE; POWELL PHILLIPS;
BOBBY PIERCE; JACK POPLIN; DAVID
PRITCHARD; ROBERT PUGH; JOHN
SCIALES; BRIAN SIMONSON; PAMELA
STEWART; RONALD WAHAB; STANLEY

No. 97-1099

G. WARDRIP, JR.; SHEILA
YOUNGBLOOD,
Plaintiffs-Appellants,

and

RUSSELL ASHLEY,
Plaintiff,

v.

NEW HANOVER COUNTY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CA-96-123-7-F-3)

Argued: July 15, 1997

Decided: September 22, 1997

Before MURNAGHAN, Circuit Judge, and BUTZNER and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion, in which Senior Judge Butzner and Senior Judge Phillips joined.

_____

**COUNSEL**

**ARGUED:** Gary Keith Shipman, SHIPMAN & ASSOCIATES, L.L.P., Wilmington, North Carolina, for Appellants. Andrew William Olsen, Assistant County Attorney, OFFICE OF THE COUNTY ATTORNEY, Wilmington, North Carolina, for Appellee.

_____

**OPINION**

MURNAGHAN, Circuit Judge:

Plaintiffs-Appellants, a group of present or former full-time emergency medical service ("EMS") personnel (collectively, the "Plaintiffs"), filed suit against their employer, Defendant-Appellee New Hanover County, North Carolina (the "County") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A.§§ 210-19 (West 1965, 1985 & Supp. 1997). The district court dismissed the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, we affirm the district court's judgment.

I.

The Plaintiffs all work a nine-day regularly recurring cycle of 24.15 hours on-duty, 24 hours off-duty, 24.15 hours on-duty, 24 hours off-duty, 24.15 hours on-duty, followed by 96 consecutive hours off-duty. Although their work schedule never changes, they work a different number of total hours each week depending upon the number of scheduled work days that fall within the week. Thus, their workweek ranges between 48.3 hours, 56.3 hours, 64.45 hours, and 72.45 hours, and their amount of overtime consequently ranges between 8.3 hours, 16.3 hours, 24.45 hours, and 32.45 hours. The County also requires the Plaintiffs to attend regularly scheduled shift meetings and continuing education seminars to maintain their EMS certifications. The

2

County compensates the Plaintiffs for the time that they spend at the meetings and seminars, and it adds the hours attributable to the meetings and seminars to the Plaintiffs' regularly scheduled hours for that week.

At all relevant times, the County has compensated the Plaintiffs pursuant to a "fluctuating workweek" payment method. That method allows employers to compensate employees at a one-half time rate for overtime hours, rather than the standard one and one-half time rate, if the employment meets certain requirements. See 29 C.F.R. § 778.114 (1996). The County gave each of its employees a memorandum that clearly explained the fluctuating workweek payment method and that provided examples of how the County would calculate employees' salaries pursuant to that method. The County required each employee to sign the memorandum under a printed statement that reads, "The Fluctuating Work Week 29 C.F.R.§ 778.114 of the Fair Labor Standards Act has been explained to me and I have had the opportunity to have any questions answered."

On August 5, 1996, the Plaintiffs filed suit against the County. They claimed that the County's compensation plan did not meet the requirements of the fluctuating workweek payment method. They sought declaratory relief, injunctive relief, backpay for unpaid overtime compensation, liquidated damages, and attorney's fees. The County subsequently filed a motion to dismiss the Plaintiffs' suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The district court granted the County's motion to dismiss on the ground that the County's compensation plan satisfied all of the requirements of the fluctuating workweek payment method.

II.

We review the district court's decision to grant the motion to dismiss de novo. See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996). We must accept the factual allegations in the Plaintiffs' complaint and must construe those facts in the light most favorable to the Plaintiffs. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). We may affirm the district court's dismissal only if it appears beyond doubt

3

that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

III.

As a general rule, the FLSA provides that an employer may not employ an employee for a workweek longer than forty hours unless it pays its employee one and one-half times the employee's "regular rate" for all hours in excess of forty. See 29 U.S.C.A. § 207(a)(1); Monahan v. County of Chesterfield, Virginia, 95 F.3d 1263, 1267 (4th Cir. 1996). The employee's "regular rate" is the hourly rate that the employer pays the employee for the normal, nonovertime forty-hour workweek. See Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424 (1945). If the employer employs an employee on a weekly salary basis, it determines the employee's regular hourly rate of pay by dividing the weekly salary by the number of hours that it intends the weekly salary to compensate. See 29 C.F.R. § 778.113 (1996).[1]

However, the Department of Labor's (the "DOL") implementing regulations provide an alternative way for employers to calculate the regular rate of pay for certain salaried employees. Section 778.114 of the implementing regulations provides that a salaried employee whose hours fluctuate from week to week can reach a mutual understanding with the employer that he or she will receive a fixed amount of compensation per week, regardless of the number of hours that the employee works in that week, and that he or she additionally will receive a rate of fifty percent of the regular hourly pay for any hours over forty worked in that week. See 29 C.F.R. § 778.114(a). The employee must clearly understand that the fixed weekly amount com-

_____

[1] Thus, the regulations provide that if an employer pays its employee $182.70 per week with the understanding that the salary compensates the employee for a regular workweek of thirty-five hours, the employee's regular rate of pay is $182.70 divided by thirty-five hours, or $5.22 per hour. When the employee works overtime, the employer must pay the employee $5.22 for each of the first forty hours and $7.83 (one and one-half times $5.22) for each additional hour thereafter. See 29 C.F.R. § 778.113.

4

pensates for all of the hours worked in that week, rather than a set number of hours as in the case of a regular salaried employee heretofore described, and that he or she will receive that amount every week regardless of whether he or she actually works a long or a short workweek. Id. The employer calculates the regular hourly pay by dividing the employee's fixed weekly pay by the total number of hours that the employee worked during the week. Id.2 The fixed amount must be sufficient to provide compensation at a regular rate not less than the minimum hourly rate, and the overtime premium cannot be less than one-half of the regular rate. Id. Since the employer has already paid the employee a regular rate of pay for all of the hours that the employee worked, including the overtime hours, it only has to pay an additional one-half time pay premium for the overtime hours. Id.; Monahan, 95 F.3d at 1280-81.

Thus, under the "mathematical payment structure provided under [the fluctuating workweek] method of overtime compensation, the more the employee works and the more overtime the employee logs, the less he or she is paid for each additional hour of overtime." Monahan, 95 F.3d at 1280. However, section 778.114 does not represent an "exception" to FLSA. It merely provides an alternative means by which an employer can determine its employees' regular and overtime rate of pay. See Bailey v. County of Georgetown, 94 F.3d 152, 154-55 n.5 (4th Cir. 1996).

Here, the County pays the Plaintiffs pursuant to the fluctuating workweek payment method. The starting salary for EMS personnel is

_____

2 Thus, the regulations provide that if an employer pays its employee $250.00 per week with the understanding that the salary compensates the employee for all hours that the employee works each week, and the employee works forty-four hours in one particular week, the employee's regular rate of pay is $250.00 divided by forty-four hours, or $5.68 per hour. The employer must pay the employee $261.36[$250.00 fixed salary plus $11.36 (one-half times $5.68 for each of the four hours of overtime)] for that forty-four hour week. When the employee works fifty hours in one particular week, the employee's regular rate of pay is $250.00 divided by fifty hours, or $5.00 per hour. The employer must pay the employee $275 [$250.00 fixed salary plus $25.00 (one-half times $5.00 for each of the ten hours of overtime)] for that week. See 29 C.F.R. § 778.114(b).

$18,574. The employee therefore receives a fixed, weekly salary of $357.20 ($18,574 divided by fifty-two weeks) regardless of the number of hours that the employee works in any particular week. Pursuant to section 778.114, the County then adds fifty percent of the employee's regular rate of pay for each hour over forty that the employee works. The County determines the employee's regular hourly rate by dividing the fixed, weekly amount by the total number of hours that the employee works in a particular week. The County undisputedly calculates the Plaintiffs' salaries correctly pursuant to the section 778.114 method. The Plaintiffs argue, however, that the County must pay them the standard overtime rate of one and one-half times their regular rate because it does not meet the requirements of section 778.114.

The language of section 778.114 suggests that an employer must meet the following requirements before it can pay an employee pursuant to the fluctuating workweek method: 1) the employee's hours must fluctuate from week to week; 2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours that the employee works during the week; 3) the fixed amount must be sufficient to provide compensation at a regular rate not less than the legal minimum wage; 4) the employer and the employee must have a clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the hours worked; and 5) the employee must receive a fifty percent overtime premium in addition to the fixed weekly salary for all hours that the employee works in excess of forty during that week. See 29 C.F.R. § 778.114; Condo v. Sysco Corp., 1 F.3d 599, 601-02 (7th Cir. 1993).

The Plaintiffs argue that the County may not use the fluctuating workweek method because their hours do not "fluctuate" from week to week. Although the Plaintiffs admittedly work different hours every week, i.e., either 48.3, 56.3, 64.45, or 72.45 hours, they contend that their hours do not fluctuate because they work pursuant to a written, fixed, regular, repeating, and perpetual schedule. They would define the term "fluctuate" in section 778.114 as a requirement of utter unpredictability. According to the Plaintiffs, an employee's hours only fluctuate if the employee works different hours every week and the employer does not set a fixed, predictable schedule.

6

However, the agency charged with administering the FLSA has rejected the Plaintiffs' argument. The Wage and Hour Division of the DOL has clearly stated its view that section 778.114 does not require an unpredictable schedule. In a letter ruling, the DOL determined that an employer could use the fluctuating workweek method to pay employees who worked alternating forty-three and fifty-one hour workweeks pursuant to a fixed schedule. See DOL Administrative Letter Ruling of May 18, 1966, reprinted in Gilbert J. Ginsburg, et al., Fair Labor Standards Handbook app. III at 104 (1996). The DOL noted that although employers generally utilize the fluctuating work-week method when their employees work "a varying or irregular number of hours in a workweek," the fixed, alternating workweeks in that case met the requirements of section 778.114. Id. at 105. Although the DOL's letter ruling does not bind the Court, it does "constitute `a body of experienced and informed judgment,'" and we give it substantial weight. Schultz v. W.R. Hartin & Son, Inc., 428 F.2d 186, 191 (4th Cir. 1970) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)).

The United States District Court for the District of South Carolina has also rejected the Plaintiffs' argument. In Roy v. County of Lexing-ton, South Carolina, 948 F.Supp. 529, 531 (D.S.C. 1996), the plain-tiffs, current and former EMS employees, worked a three-day regularly recurring cycle of 24.5 hours on-duty followed by 47.5 hours off-duty. The court held that the employees' hours "fluctuated" for the purposes of section 778.114 even though the employees worked under a regular, perpetual schedule. The court explained:

> The employees . . . argue that § 778.114 is not applicable because the workweek did not "fluctuate" for purposes of the regulation. As they note, they worked on a regularly recurring three-day cycle of twenty-four and one-half hours on and forty-seven and one-half hours off. Thus, even though the regular hours they worked in a week were not the same, their regular hours over a period of weeks were pre-dictable, and they could rely on the cycle to determine when they would work on any particular date in the future. However, the fact that the cycle recurs does not mean that the hours do not fluctuate. It is not necessary for regular hours to be sporadic for the regulation to be applied; it is

7

> sufficient that the regular hours vary from one workweek to another, as they do here. The Court therefore rejects this argument.

Id. at 531 n.1 (emphasis added).**3**

We similarly reject the Plaintiffs' argument. Even though the Plaintiffs work pursuant to a fixed schedule, their hours fluctuate, i.e., they vary, from workweek to workweek. Therefore, since the Plaintiffs' hours fluctuate, the County pays them a fixed weekly salary of $357.20 regardless of the number of hours that they work, and the County undisputedly satisfies the other requirements of section 778.114, the district court correctly dismissed the Plaintiffs' suit. The Plaintiffs alleged no claim upon which relief may be granted.

IV.

Accordingly, we affirm the district court's judgment.

AFFIRMED

_____

**3 But see Burgess v. Catawba County**, 805 F.Supp. 341, 348 (W.D.N.C. 1992) (noting in dicta that an EMS employee's hours did not fluctuate for the purposes of section 778.114 when he worked a regular schedule of twenty-four hours on-duty followed by forty-eight hours off-duty).