**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HERMAN BRISBOW,
Plaintiff-Appellant,

v.

JAMES GORDON, JR., Director;

WILLIE J. BAMBERG, Deputy
Director; VUNETIA B. DOZIER, Chief
of Security; THELMA GLOVER, Head
Nurse,
Defendants-Appellees.

No. 98-6487

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Matthew J. Perry, Jr., Senior District Judge.
(CA-97-729-4-10BE)

Submitted: June 16, 1998

Decided: July 8, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herman Brisbow, Appellant Pro Se. Norma Anne Turner Jett,
EARLY & NESS, Bamberg, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herman Brisbow appeals from the district court's order adopting a magistrate's report in part and rejecting it in part and dismissing his 42 U.S.C. § 1983 (1994) complaint. We affirm the district court's order, based on alternative reasoning.

We review the district court's decision to grant the Defendants' motion to dismiss de novo. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). We accept the factual allegations in Brisbow's complaint and construe those facts in the light most favorable to him. See id. We may affirm the district court's dismissal only if it appears beyond doubt that Brisbow can prove no set of facts in support of his claim that would entitle him to relief. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

On appeal, Brisbow argues that the Defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights under the Fourteenth Amendment. The Defendants moved to dismiss below, and a magistrate judge recommended granting this motion in relation to two of the four Defendants. Because Brisbow failed to object to that recommendation after being advised that failure to object could waive appellate review of a court order based upon the recommendation, he has waived appellate review as to dismissal of these two Defendants. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). As to the remaining two Defendants, a nurse and a security guard, we also affirm, but based upon grounds different from the district court's.

It is undisputed that the Defendants deferred to the medical judgment and advice of a medical doctor in determining appropriate testing, treatment, and medication to be given to Brisbow. Because

2

Brisbow has not named this doctor as a defendant, and because the remaining Defendants made no decisions regarding Brisbow's alleged denial of treatment, but rather only followed this doctor's orders, we find that Brisbow's complaint was properly dismissed as to them as well. While deliberate indifference may be demonstrated by reckless disregard of a substantial risk of danger known to the Defendants or which should have been known, see Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990), Brisbow failed to make such a showing, even when the record is construed in the light most favorable to him.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3