**Dwight A. PETTY, Plaintiff,**

v.

**FREIGHTLINER CORPORATION, Defendant.**

**No. CIV.4:99CV59.**

United States District Court,
W.D. North Carolina,
Shelby Division.

Jan. 4, 2000.

Julie H. Fosbinder, Charlotte, NC, for Dwight A. Petty, plaintiff.

Raboteau T. Wilder, Jr., Deanna Ruddock Lindquist, Tamila Vines Lee, Kilpatrick Stockton LLP, Charlotte, NC, for Freightliner Corporation, defendant.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

THIS MATTER is before the Court on the Plaintiff's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss and Plaintiff's motion to amend to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review to those portions of the recommendation to which specific objections were filed, the undersigned respectfully disagrees with the recommendation that the action be dismissed. 28 U.S.C. § 636(b); Fed.R.Civ.P. 72.

The Magistrate Judge's recommendation to grant the motion to amend Plaintiff's complaint is proper. Accordingly, in reviewing the Defendant's motion to dismiss, the Court must "accept the factual allegations in the plaintiff['s] complaint and must construe those facts in the light most favorable to the plaintiff[ ].... [Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997); Shepard's, *Motions in Federal Court*, § 5.124, at 367 (2d ed.1991). "To survive a motion under Fed.R.Civ.P. 12(b)(6), a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief." *Id.*, § 5.123, at 366. If "relief could be granted under any set of facts that could be proved consistent with the allegations," the motion must be denied. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Plaintiff first began working for the Defendant as a truck assembler in 1994. In April 1996, he suffered an on-the-job injury to his leg which required a medical leave of absence. That injury resulted in a permanent partial disability of 22.5 percent. At some point in the summer of 1997, the Plaintiff's doctor released him to return to work with restrictions on his ability to bend, stoop or lift from below. Although Plaintiff notified the Defendant that he wanted to return to work, he was not reinstated although it appears his medical leave was extended. On August 21, 1998, Plaintiff's position as a truck assembler was terminated. However, in October 1998, he was rehired as a truck assembler and continued to work in that capacity until he was transferred to work in quality assurance at an undisclosed point in time.

Plaintiff has alleged in the amended complaint that there is no one job description for the position of truck assembler because the functions done by one assembler may be completely different from those performed by another. For example, "certain truck assemblers work [in] riveting, some work in welding, some wipe down trucks, some push buttons to upload or download trucks or truck parts." Amended Complaint, at 2. The Defendant

has not refuted this description. Plaintiff claims that the Defendant was obligated, as a reasonable accommodation, to reassign him to a truck assembler position which he could perform with the restrictions set by his physician or to reassign him to a vacant position. Defendant responds it was not obligated to reassign him as a form of reasonable accommodation.

At the outset, it is noteworthy that less than two months after terminating the Plaintiff from his position as a truck assembler, the Defendant rehired the Plaintiff as a *truck assembler.* Obviously, there were truck assembler positions which the Plaintiff could perform with the restrictions set by his physician. Plaintiff's complaint alleges that he asked for this same type of job in 1997 and such jobs were available but the Defendant refused to reinstate him because he could not perform the exact job functions as prior to his injury. The Magistrate Judge, citing *Lusby v. Metropolitan Washington Airports Authority,* 187 F.3d 630 (table), 1999 WL 595355 (4th Cir.1999) and *Myers v. Hose,* 50 F.3d 278, 284 (4th Cir.1995), concluded that because Plaintiff could not perform his past job duties, with or without accommodation, he failed to make out a *prima facie* case.

 To state a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.,* (ADA) a plaintiff must show (1) that he has a disability; (2) the he is otherwise qualified for the employment in question with or without reasonable accommodation; and (3) that he was excluded from employment due to discrimination solely on the basis of this disability. *Williams v. Channel Master Satellite Systems, Inc.,* 101 F.3d 346, 348–49 (4th Cir. 1996), *cert. denied,* 520 U.S. 1240, 117 S.Ct. 1844, 137 L.Ed.2d 1048 (1997). In assessing whether reasonable accommodation has been offered,

the governing statute provides guidance. It provides that " 'reasonable accommodation' may include" a number of listed measures; obviously Congress considered these types of accommodations to be reasonable. Examples in [the statute] include "job restructuring, . . . reassignment to a vacant position, [and] acquisition or modification of equipment or devices." Thus, the [Magistrate Judge] . . . erred in suggesting that a qualified ADA plaintiff can *never* rely on reassignment to a vacant position as a reasonable accommodation.

*Id.,* at 350. The *Williams* Court went on to distinguish *Myers* by stating:

The district court relied on *Myers v. Hose* . . . as supporting its conclusion that reassignment to a vacant position can *never* be a reasonable accommodation in ADA cases. *This conclusion is contrary to congressional direction and is in no way required by our Myers decision.* *Myers* noted only that a particular accommodation does not become federally mandated merely because an employer "elects to establish it as a matter or policy."

*Id.,* at n. 4 (emphasis added). Every circuit which has considered the issue has held that the ADA requires an employer to consider reassignment if the employee cannot be reasonably accommodated in his current position. *Bratten v. SSI Services, Inc.,* 185 F.3d 625, 633–34 (6th Cir.1999) (collecting cases and noting "the Fourth Circuit itself has since acknowledged its mistake").

Moreover, the *Lusby* decision is not inapposite: the Fourth Circuit there stated that "[b]ecause Lusby has not raised the issue of reassignment on appeal, we address only his arguments regarding his fitness to perform the essential functions of [his position]." *Lusby,* 1999 WL 595355 at *2 n. 2; see also, *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 119 S.Ct. 1597, 1602, 143 L.Ed.2d 966 (1999) (the ADA defines reasonable accommodation as including reassignment or job restructuring); *Corrigan v. Perry,* 139 F.3d 888 (table), 1998 WL 129929 at *8 (4th Cir.1998) ("If a disabled person cannot

perform a job's essential functions even with a reasonable accommodation, the Regulations establish a policy in favor of reassignment, including reassignment to a lower grade position if necessary.").

■ The Plaintiff has alleged that he could perform the position of truck assembler with reasonable accommodations during the period from the summer of 1997 until he was rehired in October 1998. The reasonable accommodations alleged include either restructuring his job or reassignment to a truck assembler position which could be performed with his restrictions. The undersigned therefore finds he has stated a claim upon which relief may be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to amend his complaint is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss is hereby **DENIED**.