**William C. HAMMEL, and Alan J. Bellamente, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.; and State Farm Indemnity Co., Defendants.**

No. CIV.2:99CV44.

United States District Court, W.D. North Carolina, Bryson City Division.

Sept. 21, 2000.

William C. Hammel, Robbinsville, NC, Pro se.

Alan J. Bellamente, Robbinsville, NC, Pro se.

Bradley R. Kutrow, Smith Helms Mulliss & Moore, L.L.P, Charlotte, NC, for defendants.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiffs' timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendants' motion to dismiss to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review to those portions of the recommendation to which specific objections were filed, the recommendation is adopted. 28 U.S.C. § 636(b); Fed.R.Civ.P. 72.

## I. STANDARD OF REVIEW

Defendants have moved to dismiss the complaint for failure to state causes of action upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss for failure to state a claim, the Court must "accept the factual allegations in the Plaintiffs' complaint and must construe those facts in the light most favorable to the Plaintiffs.... [Dismissal may occur] only if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997); Shepard's, *Motions in Federal Court*, § 5.124, at 367 (2d ed.1991).

Plaintiffs also filed a proposed amended complaint which the Magistrate Judge recommended be stricken because it is not in compliance with Federal Rule of Civil Procedure 8. That rule provides that a complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e).

## II. DISCUSSION

In September 1994, the Plaintiffs were involved in a motor vehicle accident in New Jersey, where they resided at the time.[1] Defendant State Farm Indemnity Company (Indemnity) was the Plaintiffs' insurance carrier. Both Plaintiffs received minor injuries in the accident, as a result of which they filed various claims with Indemnity for medical services and income continuation. Because they were dissatisfied with the handling of their claims and the coverage provided, Plaintiffs sued Indemnity in the New Jersey state court. Exhibits 1, 2 & 3 *attached to* Affidavit of Michelle Wall, filed September 21, 1999. In those actions, Plaintiffs alleged that Indemnity breached the insurance contract, failed to provide complete coverage, failed

to pay medical claims, failed to provide income continuation benefits, failed to provide coverage for future medical benefits, violated its fiduciary duty to the insureds and acted in bad faith. *Id.* Plaintiffs sought compensatory and punitive damages, attorneys' fees and costs as their relief. *Id.* Despite the earlier New Jersey actions, Plaintiffs brought an action in this Court on August 3, 1999 alleging that Indemnity and State Farm Mutual Automobile Insurance Company (Mutual) violated the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* by virtue of Hobbs Act violations. The complaint also alleges state law claims for tortious interference with contract, abuse of process and denial of due process. These causes of action all stem from the 1994 accident and Indemnity's handling of Plaintiffs' claims, coverage and benefits.

In response to the complaint, the Defendants moved to dismiss and provided an affidavit from the attorney who represented Indemnity in the New Jersey actions. She attested that Plaintiffs initiated actions in the Superior Court of Bergen County, New Jersey, which were settled on June 21, 1999, prior to the point in time that the federal action was begun. Wall Affidavit, at ¶'s 2–5. The terms of the settlement provided that Indemnity had already paid all medical claims and expenses and would pay Plaintiffs' counsel fees. Exhibits 4 & 5, *attached to* Wall Affidavit. In addition, each Plaintiff received the sum of $25,000 in settlement of their personal injury claims. *Id.*, at ¶ 7. A cause of action for underinsured motorist benefits was excepted from the settlement and was to be arbitrated in New Jersey pursuant to the terms of the insurance contract. *Id.*

Defendants maintain that this action is precluded by *res judicata*. Plaintiffs argue the RICO claim was not a part of the prior lawsuits and therefore may now be brought. Section 1738 of Title 28,

---

1. Plaintiffs moved to North Carolina in 1996.

United States Code, requires federal courts to afford state court judgments full faith and credit. *In re Genesys Data Technologies, Inc.,* 204 F.3d 124, 127 (4th Cir.2000). Moreover, federal courts are not allowed "to employ their own rules of res judicata in determining the effect of state judgments. Rather [§ 1738] goes beyond the common law and commands a federal court to accept the rules chosen by the States from which the judgment is taken." *Id.*

■ In fact, New Jersey applies the same analysis for *res judicata* as the Fourth Circuit:

"(1) the judgment in the prior action must be valid, final and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."... Thus, if a claim could have been presented in the first action ... it will be precluded in the second action.... In addition to traditional res judicata, New Jersey has another claim preclusion theory which, ... this Court must apply: the entire controversy doctrine. While similar to res judicata principles, the entire controversy doctrine, which is unique to New Jersey, "encompasses traditional concepts of claims joinder as well as party joinder...." Thus, though the parties and the claims in the second suit may be different than those in the first suit, the second suit may nonetheless be barred because it concerns the series of transactions already at issue in the first suit. It is through this formula, which is broader than traditional res judicata, that the New Jersey Legislature, ... seeks to promote "judicial economy and efficiency by avoiding fragmented, multiple and duplicate litigation."

*Sutton v. Sutton,* 71 F.Supp.2d 383, 390 (D.N.J.1999), *aff'd,* 216 F.3d 1077 (3rd Cir. 2000) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 412, 591 A.2d 592 (1991) and *Fornarotto v.*

*American Waterworks Co., Inc.,* 144 F.3d 276, 278 (3rd Cir.1998)); accord, *Dowdell v. University of Medicine and Dentistry of New Jersey,* 94 F.Supp.2d 527, 533–34 (D.N.J.2000).

■ New Jersey has a racketeering influenced organizations statute which provides for civil remedies. N.J. Stat. Ann. §§ 2C:41–1, 2C:41–4; *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.,* 164 F.3d 186, 188 (3rd Cir.1998). Thus, Plaintiffs' could have presented this claim in the state court action. Moreover, under New Jersey law, " '[a] dismissal with prejudice "constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial." ' ... [And, New Jersey's] entire controversy doctrine constrains a plaintiff from 'withhold[ing] part of a controversy for separate litigation even when the withheld component is a separate and independently cognizable cause of action.' " *Dowdell, supra* (quoting *Feinsod v. Noon,* 261 N.J.Super. 82, 84, 617 A.2d 1234 (1992) (quoting *Velasquez v. Franz,* 123 N.J. 498, 507, 589 A.2d 143 (1991) (emphasis added)) and *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 137 (3rd Cir.1999)). The undersigned therefore concludes that the state court dismissal with prejudice was a final adjudication on the merits involving the same parties and the same transactions or occurrences as involved in this action. Under New Jersey law, this action is barred by doctrines of *res judicata.*

■ Finally, the Magistrate Judge concluded that the amended complaint should be stricken as in violation of Rule 8. As aptly noted by the Magistrate Judge, that complaint is anything but a short, concise statement of the claims for relief. The 235–page complaint, which contains 872 paragraphs, would add 33 defendants who are employees of the Defendants as well as two physicians who evaluated the Plaintiffs for purposes of coverage. This complaint alleges claims for fraud, conspiracy to defraud, mail fraud, wire fraud, Hobbs Act violations, RICO violations, intentional in-

fliction of emotional distress, tortious interference with contract, abuse of process, breach of fiduciary duty, breach of contract, extortion, unfair business practices, and interference with due process. Besides the violation of Rule 8, this amended complaint would be as futile as the original one because it would likewise be barred by the doctrine of *res judicata*.

Plaintiffs, who have appeared *pro se* throughout this litigation, have filed numerous voluminous pleadings which were both unnecessary and irrelevant. The undersigned will impose a pre-filing review system in order to stem the tide of filings.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motion to dismiss is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the amended complaint is hereby **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for a continuance is hereby **DENIED**.

The Clerk of Court is instructed to forward to the Court any pleadings submitted for filing prior to filing of the same for a pre-filing review.

A Judgment is filed herewith.

### JUDGMENT

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendants' motion to dismiss is **ALLOWED**, and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.