**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 02-1212**

—————

WILLIAM CLAYTON STANSBURY, JR.,

Plaintiff - Appellant,

versus

MCDONALD'S CORPORATION,

Defendant - Appellee,

and

TIMOTHY BURGE,

Defendant.

—————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, District Judge. (CA-01-
2249-MJG)

—————

Submitted:  May 14, 2002            Decided:  June 3, 2002

—————

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

William Clayton Stansbury, Jr., Appellant Pro Se. Joseph John Bottiglieri, Felicity Ann McGrath, BONNER, KIERNAN, TREBACH & CROCIATA, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Clayton Stansbury, Jr. appeals the district court's order granting Defendant's motion to dismiss his complaint alleging intentional infliction of emotional distress. We affirm.

We review a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted de novo. <u>Flood v. New Hanover County</u>, 125 F.3d 249, 251 (4th Cir. 1997). In considering a motion to dismiss, we accept the complainant's well-pleaded allegations as true and view the complaint in the light most favorable to the non-moving party. <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). Generally, a motion to dismiss for failure to state a claim will not be granted unless it is certain the plaintiff could prove no set of facts that would entitle him to relief. <u>Id.</u>

With these standards in mind, we affirm the district court's order on the reasoning of its memorandum opinion. <u>Stansbury v. McDonald's Corp.</u>, No. CA-01-2249-MJG (D. Md. Jan. 18, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>