**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-6436**

---

MONTY RAY HOBBS; PATTE A. HOBBS,

                                        Plaintiffs - Appellants,

        versus

UNITED STATES OF AMERICA; UNITED STATES BUREAU
OF PRISONS; WARDEN ADAMS; JIMMIE EARP,

                                        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Malcolm J. Howard, District
Judge. (CA-01-168-5-H)

---

Submitted: July 29, 2002            Decided: August 8, 2002

---

Before WIDENER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Monty Ray Hobbs, Patte A. Hobbs, Appellants Pro Se.  Rudolf A.
Renfer, Jr., Assistant United States Attorney, Raleigh, North
Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellants Monty Hobbs and Patte Hobbs appeal the district court's order granting the Appellees' motion to dismiss their civil rights action under Fed. R. Civ. P. 12(b)(6).  We affirm.

We review a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted de novo.  Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997).  In considering a motion to dismiss, we accept the complainant's well-pleaded allegations as true and view the complaint in the light most favorable to the non-moving party. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Generally, a motion to dismiss for failure to state a claim will not be granted unless it is certain the plaintiff could prove no set of facts that would entitle him to relief.  Id.

With these standards in mind, we affirm on the reasoning of the district court.  See Hobbs v. United States, No. CA-01-168-5-H (E.D.N.C. Feb. 4, 2002).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2