# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

John Doe,

　　　　　*Plaintiff-Appellant,*

v.

Montgomery County, Maryland;
Office of the State's Attorney for
Montgomery County; Bryan
Roslund,

　　　　　*Defendants-Appellees.*

No. 02-1379

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-01-2267-1)

Submitted: August 26, 2002

Decided: October 4, 2002

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Maureen Quinn, THE LAW OFFICES OF MAUREEN QUINN, Annapolis, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Kimberly Smith Ward, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John Doe appeals from the district court's order dismissing his complaint alleging violations of the Maryland Public Information Act, Md. Code Ann., State Govt. §§ 10-611 to -628 (1999 & Supp. 2001), and 42 U.S.C.A. § 1983 (West Supp. 2002), and denying Doe's motion for a protective order as moot. Doe argues that the district court erred by finding no violation of due process and an insufficient amount in controversy for diversity jurisdiction, declining to exercise supplemental jurisdiction, and failing to issue a protective order. Finding no error, we affirm.

The court reviews a district court's dismissal under Rule 12(b)(6) de novo. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Under *Hudson v. Palmer*, 468 U.S. 517 (1984), negligent or intentional deprivations of property by a state employee do not state a claim of constitutional magnitude when there is an adequate post-deprivation remedy. *Id.* at 533-34; *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). An adequate post-deprivation state remedy is available to Doe because the PIA sets forth procedures for gaining access to public records and for challenging the denial of access.

The district court may decline to exercise supplemental jurisdiction over a state law claim if the court has already dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3) (2000). Because the district court properly found no federal claim under 42 U.S.C.A. § 1983, the court did not abuse its discretion by refusing to exercise supplemental jurisdiction over the state law claim. Nor did the court err in finding that it did not have diversity jurisdiction over the claim. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (holding that when a plaintiff seeks declaratory

relief, the amount in controversy for purposes of § 1332 is the "value of the object of the litigation"); *McGaw v. Farrow*, 472 F.2d 952, 954 (4th Cir. 1973) ("a claim not measurable in 'dollars and cents' fails to meet the jurisdictional test of amount in controversy").

Finally, we find that the district court did not abuse the broad discretion afforded it in declining to rule on the motion for a protective order because the issue was moot. *See Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*