**Rondell TONEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:03–CV–126.**

United States District Court, W.D. North Carolina. Statesville Division.

Aug. 6, 2004.

Rondell Toney, Conover, NC, Pro se.

### *MEMORANDUM & ORDER*

VOORHEES, District Judge.

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), filed January 28, 2004, and on Plaintiff's *pro se* Motion to Enter Default on Defendants, filed February 24, 2004. The Court grants Defendant's Motion to Dismiss. Therefore, Plaintiff's Motion to Enter Default on Defendants is denied as moot and is not discussed herein.

### I. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1) is afforded the same procedural protection as a motion brought under Rule 12(b)(6). *Alston v. N.C. A & T State Univ.*, 304 F.Supp.2d 774, 778 (M.D.N.C. 2004). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must take the allegations set forth in the Complaint as true,

and must construe the facts alleged in the Complaint in the light most favorable to the non-moving party. *GE Investment Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir.2001). In deciding a Rule 12(b)(6) motion, the Court does not resolve arguments regarding the facts, merits of the claims, or the possible defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). Dismissal may occur only if it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim that would entitle Plaintiff to relief. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997).

## II. FACTUAL AND PROCEDURAL HISTORY

When Plaintiff retired from the Marine Corps in November, 1979, he was automatically enrolled in the Armed Forces Survivor Benefit Plan (SBP). Plaintiff claims that the Commandant of the Marine Corps was negligent in promulgating a regulation that automatically enrolled him in the SBP upon retirement and did not require an SBP election certificate.[1] Plaintiff argues that, had he been given the SBP election certificate and counseled regarding the SBP in accordance with a Marine Corps Order, he would not have sustained financial injury. Plaintiff, initiating the present action, filed a Complaint on September 16, 2003, and an Amendment to Complaint on November 25, 2003, seeking recovery of $25,000.00 under the Federal Tort Claims Act (FTCA). Plaintiff's Amendment to Complaint states: "If Marine Corps Order 1741.11 of 10 Apr 1974 had required an election from all eligible Marines in all cases, the wrongful application of the Plan would have never taken place or applied to

plaintiff. As a result plaintiff's intelligence was putdown, his honor put in doubt, his retired pay was reduced as a consequence of the wrongful application in the amount of $22,829.00 that denied him the use of it to support himself and his family, he suffered emotional stress concerning cost of action, and was caused loss of time and inconvenience estimated at $2,171.00 associated with general and natural damages." (Doc. 2 at 9).

The Memorandum in Support of Defendant's Motion to Dismiss provides a history of similar claims brought by Plaintiff. The Court finds it helpful to discuss briefly this history. On October 6, 1996, in U.S. District Court for the Western District of North Carolina, Plaintiff "sought disenrollment from the [SBP], refund in the amount of $44,788.00 for the reduction in his retirement pay, additional $150,000.00 for life insurance 'unavailability' which he would have purchased for his spouse had the alleged error not occurred, damages for inconvenience, humiliation and defamatory remarks in Marine Corps correspondence to him, and interference with peace of mind and for violation of Plaintiff's freedom of speech." (Doc. 5 at 3). The Court granted the Government's Motion to Dismiss because the U.S. Court of Claims had exclusive jurisdiction, but the Court declined to transfer the claim, stating that it was clearly beyond the six-year statute of limitations. (Doc. 5 at 3). On January 29, 1999, Plaintiff sought reimbursement of the deductions from his retirement pay in the U.S. Court of Federal Claims. The Court granted the Government's Motion to Dismiss because the six-year statute of limitations had expired. On May 24, 1999, in a second complaint filed with the U.S. Court of Federal Claims, Plaintiff "sought

---

1. Election certificates indicate whether retiring military personnel wish to participate in the SBP.

to recover deductions from his retirement pay during the six years preceding the filing of his complaint, and he sought damages for loss of time, inconvenience, loss of the ability to obtain life insurance, and loss of companionship of his spouse. The Court dismissed the complaint on the basis of res judicata and collateral estoppel." (Doc. 5 at 4). On August 17, 2000, the U.S. Court of Appeals for the Federal Circuit summarily affirmed the dismissal of Plaintiff's May 24, 1999, complaint.

## III.  DISCUSSION OF THE LAW

The Government argues that Plaintiff's claim is barred by a two-year statute of limitations. The Court agrees.[2] Pursuant to 28 U.S.C. § 2401(b),

> [a]  tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.

28 U.S.C. § 2401(b). "[A] claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." *Gould v. U.S. Dept. of Health and Human Services,* 905 F.2d 738, 742 (4th Cir.1990) (*citing U.S. v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 362, 62 L.Ed.2d 259 (1979)). At least as early as October 2, 1996, Plaintiff knew that SBP payments were being deducted from his retirement pay.[3] Therefore, since at least 1996, Plaintiff has "known of the existence and cause of his injury." *Id.* Plaintiff's FTCA administrative claim was filed on November 25, 2002—at least four years too late. (Doc. 5

at 5). The statute of limitations on the present claim has clearly expired.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **GRANTED**, and Plaintiff's Motion to Enter Default on Defendants is hereby *DENIED* as moot.

---

2.  The Government also argues that Plaintiff's claim is barred by res judicata. (Doc. 5 at 4). The Court is inclined to agree with this proposition as well. However, because Plaintiff's claim is easily dismissed based on a long-expired statute of limitations, the Court finds it unnecessary to address the issue of res judicata.

3.  As noted above, Plaintiff sought disenrollment from the SBP and a refund of SBP payments on October 2, 1996. (Doc. 5 at 3).