**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7193**

WILLIAM EUGENE WEBB,

              Plaintiff - Appellant,

       v.

KUMA J. DEBOO,

              Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:09-cv-00107-REM-JES)

Submitted:  March 31, 2011          Decided:  April 15, 2011

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

William Eugene Webb, Appellant Pro Se. Alan McGonigal, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eugene Webb appeals from the district court's order adopting the report and recommendation of the magistrate judge and dismissing Webb's Bivens[*] complaint challenging his prison's conditions for failure to state a claim. Specifically, the district court concluded that Webb had failed to produce any evidence that he had "sustained any serious or significant physical or emotional injury as a result of [the alleged] conditions" as required by Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). We vacate and remand for further proceedings.

We review de novo a district court's Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). In considering a motion to dismiss, we accept the complainant's well-pleaded allegations as true and view the facts in the light most favorable to the non-moving party. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A pro se litigant's pleadings should be liberally construed to avoid inequity, and a complaint should not be dismissed unless it appears beyond doubt that the plaintiff could not recover under any set of facts which could

---

[*] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

be proven.  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

We have held that, in the context of a conditions-of-confinement claim, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Jail employees may not ignore a dangerous condition of confinement on the ground that the complaining inmate shows no serious current symptoms. Helling v. McKinney, 509 U.S. 25, 33-36 (1993) (holding that the determination of a "substantial risk" requires inquiry into the seriousness of the potential harm, the likelihood that such injury to health will actually occur, and whether the risk violates contemporary standards of decency). Here, the district court did not consider whether Webb's complaint stated an Eighth Amendment claim that prison conditions exposed him to a substantial risk of harm. The court noted only that Webb had not alleged a significant personal injury and, therefore, failed to state a claim. Thus, the district court applied the incorrect legal standard.

Webb's complaint alleged that severe overcrowding was causing unsanitary conditions, the spread of disease, an

3

increased risk of violence, and lack of access to medical care, among other effects. Courts have recognized that allegations similar to Webb's state an Eighth Amendment claim. See Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (holding evidence that cells were crusted with fecal matter, chipping paint, urine, and old food was sufficient to show a substantial risk of serious harm); Shannon v. Graves, 257 F.3d 1164, 1169 (10th Cir. 2001) (holding that blankets contaminated with sewage constituted substantial risk to human health); McBride v. Deer, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (holding that three days in feces-covered cell states claim); DeGidio v. Pung, 920 F.2d 525, 533 (8th Cir. 1990) (holding that continuing failure by prison officials to institute system to prevent the spread of tuberculosis violated the Eighth Amendment); Tillery v. Owens, 907 F.2d 418, 428 (3d Cir. 1990) (holding that evidence of increased stress, anxiety, and depression, as well as the opportunity for predatory activities and the spread of disease due to overcrowding and unsanitary conditions was sufficient to show Eighth Amendment violation). We conclude that, liberally construed, Webb's complaint properly states a claim that his prison's overcrowding and lack of sanitation are exposing him to a substantial risk of serious harm. Thus, Webb's complaint satisfies the "objective" component of an Eighth Amendment claim, and the district court erred in finding otherwise. See

<u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997) (citing objective and subjective components of Eighth Amendment claim).

Accordingly, we vacate the district court's order ruling that Webb's failure to allege a personal injury barred his claim and remand for further consideration of his complaint. We deny Webb's motion to file an amicus curiae brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5