UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FRANK STEWART; CHARLES WISEMAN;
ERVIN D. CHANNELL; LAWRENCE
DOSWELL, all other individuals who
are similarly situated in that they: 1)
at some time were members of the
Industrial Union of Marine and
Shipbuilding Workers of America,
(now incorporated into the
International Association of
Machinists and Aerospace Workers)
Local 33; and, 2) worked for
Bethlehem Steel Corporation at the
Sparrows Point and/or Key
Highway Shipyards; and, 3) are
receiving, have received or are
eligible to receive a pension; and,
4) who had their pensions
calculated in such a manner as to
reduce the pension by
inappropriately deducting cost-of-
living allowances from the class
members' pension-related earnings,
                    *Plaintiffs-Appellants,*

                    v.

No. 00-1804

PENSION TRUST OF BETHLEHEM STEEL
CORPORATION AND SUBSIDIARY
COMPANIES; BETHLEHEM STEEL
CORPORATION,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-00-418-JFM)

Argued: May 9, 2001

Decided: June 20, 2001

Before WILKINSON, Chief Judge,
NIEMEYER, Circuit Judge, and Arthur L. ALARCON,
Senior Circuit Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul Anthony Weykamp, Baltimore, Maryland, for Appellants. G. Stewart Webb, Jr., VENABLE, BAETJER & HOW-ARD, L.L.P., Baltimore, Maryland, for Appellees. **ON BRIEF:** Maria E. Rodriguez, VENABLE, BAETJER & HOWARD, L.L.P., Baltimore, Maryland; Kathleen M. Mills, Office of the General Counsel, BETHLEHEM STEEL CORPORATION, Bethlehem, Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, former employees of the Shipbuilding Division of Bethlehem Steel Corp. (hereinafter "Bethlehem"), appeal from the dismissal of their ERISA action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Appellants contend that the district court erred in determining that the governing Pension Agreement is unambiguous and in resolving controverted allegations contained in their complaint in favor of Appellees. We conclude that the district court erred by failing to take as true material allegations in Appellants' complaint, and we vacate the dismissal of Appellants' cause of action for breach of contract. We affirm the dismissal of the Appellants' claim for breach of fiduciary duty.

I

Appellants are participants in an ERISA plan administered by the Pension Trust of Bethlehem (hereinafter "the Pension Trust"). Seeking certification as a class, Appellants filed this action contending that Bethlehem and the Pension Trust improperly reduced Appellants' pensions by deducting cost-of-living adjustments (hereinafter "COLAs") from their "earnings" as defined by the Pension Agreement. Appellants alleged causes of action for both breach of fiduciary duty and breach of contract.

Appellees moved to dismiss Appellants' action for failure to state a claim, pursuant to Rule 12(b)(6). In support of their motion to dismiss, Appellees offered copies of the Pension Agreement, as well as copies of the collective bargaining agreements (hereinafter "CBAs") which governed Appellants' employment. Appellants offered numerous exhibits in opposition to Appellees' motion to dismiss, including pay stubs purporting to show that Appellants had not received COLAs claimed by Appellees. The district court determined that the relevant terms of the Pension Agreement unambiguously provided that COLAs would not be included as earnings for purposes of determining Appellants' pension benefits. The district court concluded that its interpretation of the Pension Agreement barred Appellants' claims. Accordingly, the court dismissed Appellants' action without reaching

the question whether Appellants should be certified as a class. Appellants filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II

We determine, as a preliminary matter, that the district court did not err in considering copies of the Pension Agreement and CBAs offered by Appellees because Appellants explicitly relied on these documents in their complaint. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.") (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (same holding in ERISA context). Moreover, because the district court did not consider any other evidence in ruling on Appellees' motion to dismiss, it was not required to convert the motion into one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998) (stating that the district court is required to treat a Rule 12(b)(6) motion as one for summary judgment if it considers matters outside the complaint).

We review *de novo* a district court's decision to grant a motion to dismiss. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997). We must accept all the properly pled allegations of the complaint as true and construe all facts in the light most favorable to the plaintiff. *Id.* "We may affirm the district court's dismissal only if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Id.*

Appellants first cause of action alleged that Appellees breached their fiduciary duty under ERISA. The district court found that Appellants had failed to state a cause of action for breach of fiduciary duty because they did not allege "that they have given the Union an opportunity to act on their behalf and that the Union has breached its duty to represent them." The court further noted that Appellants had waived their breach of fiduciary duty claim because they had "provi-

sionally agree[d] to proceed only on the breach of contract claim against both defendants." Appellants have not challenged these findings on appeal. Thus, we must affirm the district court's dismissal of Appellants' breach of fiduciary duty cause of action. *See, e.g., Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 973-74 (4th Cir. 1997) (stating that issues not briefed on appeal are waived).

In their second cause of action, Appellants alleged that Appellees breached the Pension Agreement by "improperly and routinely reduc-[ing] class members' pensions by (1) deducting 'phantom cost-of-living adjustments' . . . [i.e., *never earned* cost-of-living adjustments] . . . and by (2) deducting COLAs which were rolled into the base rate of pay in subsequent contracts." (second parenthetical and emphasis in original). The district court determined that the "Pension Agreement provides that an employee's pension is calculated on the basis of his average monthly earnings during the best 60 of 120 months immediately preceding his retirement." The district court further concluded that the Pension Agreement specifically defines "earnings" to mean "the participant's earnings (including the amount resulting from a cost-of-living adjustment provision only to the extent of the cost-of-living adjustment which was included in the base hourly rates effective August 1, 1975)." (quoting Pension Agreement ¶ 1(j)). The court held that any COLAs earned after August 1, 1975 were therefore not "earnings" for purposes of the Pension Agreement, even if such COLAs were "'rolled into' the base rate of pay and appeared as [base pay] on employee's pay stubs."

Appellants contend that COLAs which were "rolled in" to their base pay are "earnings" for purposes of the Pension Agreement because the terms of subsequent CBAs either supplemented or superceded the terms of the Pension Agreement. "In interpreting ERISA plans, we turn to principles of the federal common law of contracts." *Denzler v. Questech, Inc.*, 80 F.3d 97, 101 (4th Cir. 1996).

Our review of the Pension Agreement reveals that the disputed terms are unambiguous, and thus we need not refer to the CBAs in order to resolve Appellants' claim. *See id.* at 103 (concluding that because plan documents were unambiguous, court was not required to consider extrinsic evidence or principles of estoppel). Moreover, because Appellants do not allege that the CBAs were formally

adopted in conformance with the amendment procedures of the Pension Agreement, they cannot maintain that the CBAs supercede the terms of that agreement. *See Healthsouth Rehab. Hosp. v. Nat'l Red Cross*, 101 F.3d 1005, 1009 (4th Cir. 1996) (stating that "any modification to a plan must be implemented in conformity with the formal amendment procedures [of the plan] and must be in writing.") (quoting *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58 (4th Cir. 1992)). The district court did not err in determining that the plain terms of the Pension Agreement do not permit COLAs earned after August 1, 1975 to be treated as "earnings," even if those COLAs were later rolled into Appellants' base rate of pay.

Appellants alleged in their complaint that Appellees breached the Pension Agreement by "rolling in" COLAS that Appellants never received. Appellees asserted in their motion to dismiss that Appellants were paid COLAs, that these COLAs were later "rolled in" to their base pay, and that the "rolled in" COLAs were properly excluded under the Pension Agreement. This dispute regarding whether the allegedly "rolled in" COLAs were actually received must be resolved in favor of Appellants for purposes of a motion to dismiss pursuant to Rule 12(b)(6). *Flood*, 125 F.3d at 251. Taking Appellants' factual allegations as true, they have stated a cause of action for breach of the Pension Agreement under 29 U.S.C. § 1132(a)(1). Accordingly, we vacate the district court's dismissal of this action and remand for further proceedings concerning Appellants' breach of contract claim based on the deduction of COLAs that the Appellants allege they never received. We affirm the dismissal of Appellants' cause of action for breach of fiduciary duty.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*