**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FRANK STEWART; CHARLES WISEMAN;
ERVIN D. CHANNELL; LAWRENCE
DOSWELL, All other individuals who
are similarly situated in that they: 1)
at some time were members of the
Industrial Union of Marine and
Shipbuilding Workers of America,
(now incorporated into the
International Association of
Machinists and Aerospace Workers)
Local 33; and, 2) worked for
Bethlehem Steel Corporation at the
Sparrows Point and/or Key
Highway Shipyards; and, 3) are
receiving, have received or are
eligible to receive a pension; and,
4) who had their pensions
calculated in such a manner as to
reduce the pension by
inappropriately deducting cost-of-
living allowances from the class
members' pension-related earnings,
                    *Plaintiffs-Appellants,*

                    v.                                    No. 02-1004

PENSION TRUST OF BETHLEHEM STEEL
CORPORATION AND SUBSIDIARY
COMPANIES,
                    *Defendant-Appellee,*

                    and

BETHLEHEM STEEL CORPORATION,
                    *Defendant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-00-418-JFM)

Argued: June 4, 2002

Decided: July 26, 2002

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Paul Anthony Weykamp, LAW OFFICES OF PAUL A.
WEYKAMP, Baltimore, Maryland, for Appellants. G. Stewart Webb,
Jr., VENABLE, BAETJER & HOWARD, L.L.P., Baltimore, Mary-
land, for Appellee. **ON BRIEF:** Craig E. Smith, VENABLE, BAET-
JER & HOWARD, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants Frank Stewart, Charles Wiseman, Ervin Channell, and
Lawrence Doswell, purporting to represent a proposed class of indi-
viduals who were members of the Industrial Union of Marine and
Shipbuilding Workers of America, Local 33, and who worked for

Bethlehem Steel Corporation, claim that their pensions "were erroneously calculated by improperly reducing the earnings upon which [their] pension[s] [were based]." Because this issue has already been considered and decided by us in an earlier appeal, we affirm the district court's grant of summary judgment.

Under the relevant collective bargaining agreements, the pensions that are the subject of this appeal were to have been calculated based on the employee's best average earnings over a period of 60 consecutive months, and those earnings were defined to include only the employee's base rate of pay without any cost-of-living adjustments ("COLAs"). Accordingly, when the Pension Trust of Bethlehem Steel Corporation ("Pension Trust") calculated the appellants' pensions, it excluded COLAs from the base rate of pay used in the calculations.

The dispute in this case arises from the fact that even though no new COLAs have been paid since 1989, the Pension Trust has still been subtracting COLAs from the earnings on which the appellants' pensions have been calculated. The appellants, who retired in 1994 and later, claim that these subtractions were improper. In response, the Pension Trust explained that, although no new COLAs have been given since 1989, the appellants' base rate of pay included COLAs from previous collective bargaining agreements, which had been "rolled into" the employees' base rate of pay. Because COLAs since 1975 are, under the terms of the relevant Pension Agreement, to be excluded from earnings for the pension calculation, the Pension Trust subtracted those "rolled in" COLAs from the employees' base rate of pay.

Refusing to accept the Pension Trust's explanation, the appellants commenced this action, alleging breach of fiduciary duty and breach of contract. On the Pension Trust's motion, the district court dismissed the appellants' claims on the ground that, "under the express terms of [the relevant Pension] Agreement earnings were strictly defined not to include post-August 1, 1975 COLA increases." *Stewart v. Pension Trust of Bethlehem Steel Corp.*, Civil No. 00-418 (D. Md. May 19, 2000). As such, COLA increases that were rolled into the employees' base rate of pay had been properly subtracted.

On appeal, we affirmed, agreeing with the district court that the Pension Agreement was unambiguous in providing that post-1975

COLA increases were to be excluded from base rate of pay. *Stewart v. Pension Trust of Bethlehem Steel Corp.*, No. 00-1804 (4th Cir. June 20, 2001). While we affirmed the district court's interpretation of the Pension Agreement, however, we noted what appeared to be a factual dispute regarding whether the appellants actually received the COLAs that had been deducted from the appellants' base rate of pay. And on that issue alone we remanded the case to the district court. *Id.*, slip op. at 6.

On remand, the appellants conceded at a status conference that they were not, in fact, alleging "that in calculating [the] plaintiffs' pensions, defendants made a deduction for monies that plaintiffs never received in their paychecks." Moreover, the district court noted:

> In opposing defendants' summary judgment motion, plaintiffs have presented absolutely no evidence to suggest that they did not receive their rolled in COLAs under the 1989 CBA. . . . Although plaintiffs state that they seek further discovery on the issue, they have made no proffer that would justify such discovery. Such a proffer would be easy to make since, if plaintiffs had received no rolled in COLAs under the 1989 CBA, they would have received substantially less wages under the 1989 CBA agreement than they had been receiving up to that time. They have submitted no affidavits to that effect.

*Stewart*, Civil No. 00-418, slip op. at 2-3. Coupling the lack of a proffer with the fact that there had been no work stoppage related to COLAs that had not been received, the district court granted the defendants summary judgment, concluding that the appellants had in fact received the pre-1989 COLAs that the Pension Trust subtracted from their base rate of pay to calculate their pensions.

On appeal, the appellants state the issues as follows:

> The question presented is essentially the same as before: Did the United States District Court err in not permitting the plaintiff to conduct discovery of the appellee's methods of calculating the plaintiff's pension benefits; and, did the District Court further err when it found that the appellees . . .

did not act improperly when they deducted substantial portions of income from a retiree's (appellant's) "base rate of pay" prior to calculating appellants' "pension earnings."

Because we have already held that subtracting COLAs that were awarded after August 1, 1975 was appropriate under the Pension Agreement and because we conclude that our previous holding disposed of the issue of the correctness of the pension calculation that appellants now challenge, we affirm. Moreover, our previous holding renders further discovery on the Pension Trust's methods unnecessary. As the appellants do not challenge the district court's ruling on the one issue that was before the district court on remand — whether the appellants actually received the pre-1989 COLAs that were rolled up in their base pay and that were subtracted from their base pay — we also affirm on that issue.

*AFFIRMED*