**James HELFRICH, Plaintiff–Appellant,**

v.

**METAL CONTAINER CORPORATION; United Steelworkers of America, Defendants–Appellees.**

No. 02–4233.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

James Helfrich, Pataskala, OH, for Plaintiff–Appellant.

Chris J. North, David A. Campbell, Vorys, Sater, Seymour & Pease, Stewart R. Jaffy, Stewart, Jaffy & Associates, Columbus, OH, Melvin P. Stein, United Steelworkers of America, Pittsburgh, PA, for Defendants–Appellees.

Before: MARTIN and SUTTON, Circuit Judges; and QUIST, District Judge.*

### ORDER

James Helfrich, an Ohio citizen, appeals pro se a district court order dismissing his complaint filed pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Helfrich has filed a number of lawsuits against his former employer. He filed this

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

complaint in state court on December 13, 2001, and it was removed to federal court. The complaint alleged that Helfrich was discharged from his employment in 1996, but the discharge was overturned by arbitration in 1998. However, the arbitrator twice modified the ruling, reducing the amount of backpay and other damages owed Helfrich. The most recent arbitrator's ruling was issued on June 22, 2001. Helfrich alleged that his union notified him that they would no longer represent him on this matter on November 1, 2001. He sought damages from his former employer for a breach of the collective bargaining agreement and from his former union, joined by a later motion to amend the complaint for a breach of the duty of fair representation. Helfrich also asserted other causes of action, which he later abandoned. The former employer moved for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed the complaint on the ground that it was barred by claim preclusion, because at the time Helfrich alleged that his claim accrued, he had a pending action against his former employer alleging violations of ERISA arising out of the same disputed damages from the arbitrator's ruling, which he could have amended to assert the LMRA claim. The complaint was also dismissed as to Helfrich's former union on the ground that he could not have a claim against the union where he had no claim against his employer.

On appeal, Helfrich argues that claim preclusion is not a basis for dismissal under Rule 12(b)(6), and was incorrectly applied (1) because his previous case was dismissed as to the former employer prior to the accrual of this cause of action and (2) because he has added his former union as a party.

A complaint is properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim where, construing the facts in the light most favorable to the plaintiff, it is clear that he could prove no facts which would entitle him to the relief requested. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir.1999). Upon careful consideration, we conclude that Helfrich's complaint was properly dismissed as to his former employer on the ground of claim preclusion, because Helfrich had previously filed a complaint against the company which was decided on the merits, and subsequent actions on the same cause between the same parties were precluded, including grounds that could have been but were not presented in the previous action. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).

Helfrich first argues that claim preclusion is not a basis for dismissal under Rule 12(b)(6) because matters outside the pleadings must be considered. However, the court can consider public records in ruling on a Rule 12(b)(6) motion, which is all that was necessary in this case. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Helfrich's second argument is also without merit. He contends that his ERISA action was dismissed as to his former employer on May 15, 2001, and he therefore could not amend that action to assert his LMRA claim, which did not accrue until November 1, 2001. Again, review of the docket sheet and opinion in the ERISA case is all that is necessary to ascertain that the judgment against the former employer was not entered until November 18, 2001. Therefore, Helfrich could have filed a motion to amend his complaint in that case as soon as his LMRA claim accrued, rather than filing a new action on December 13, 2001.

Helfrich also argues that claim preclusion should not apply because he amended

his complaint to add his former union as a defendant. The district court properly noted that naming additional parties is not sufficient to avoid the application of claim preclusion. *Nilavar v. Mercy Health Sys. Western Ohio,* 142 F.Supp.2d, 859, 885–86 (S.D.Ohio 2000).

Finally, Helfrich argues that the district court erred in dismissing the complaint as to the union on the ground that no claim could be stated against the union in the absence of a viable claim against the employer. *See, e.g., Perry v. Million Air,* 943 F.2d 616, 619 (6th Cir.1991). This argument was not raised below—either in Helfrich's response to the motion to dismiss or in his motion to reconsider the district court's order dismissing the case—and therefore we will not address it on appeal.

Accordingly, the district court's dismissal of the complaint is affirmed.