**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2024**

———————

RANDY BARRON CLARK,

Plaintiff - Appellant,

versus

BASF CORPORATION, Salaried Employees' Pension
Plan,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (CA-03-213-1)

———————

Submitted:  February 23, 2005        Decided:  June 15, 2005

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed as modified by unpublished per curiam opinion.

———————

Phyllis A. Palmieri, LAW OFFICE OF PHYLLIS A. PALMIERI, Morganton,
North Carolina, for Appellant.  Louis A. Bledsoe, III, Julian H.
Wright, Jr., ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Randy Barron Clark appeals the district court's order and judgment dismissing his complaint and first amended complaint with prejudice and denying his motions for oral argument and for discovery. Clark argues on appeal that he stated a claim for which relief can be granted under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a) (2000), and pursuant to principles of equitable estoppel due to an alleged breach of fiduciary duty. Clark further argues that the district court erred (1) in considering the pension plan document (Plan document) attached to the BASF Corporation, Salaried Employees' Pension Plan's (the Plan) motion to dismiss and in not granting Clark oral argument on the matter; and (2) in concluding the documents provided to Clark by the Plan were benefits projections rather than plan amendments.

The district court generally took judicial notice of all the documents attached to the Plan's motion to dismiss, constituting the various documents given to Clark by the Plan and the written Plan document, "to the extent that they were part of the public record from [Clark's] previous action . . . ." <u>Clark v. BASF Salaried Employees' Pension Plan</u>, No. CA-03-213-1, at p. 4-5 (W.D.N.C. July 8, 2004) (District Court's Mem. and Order). On appeal, Clark only challenges the district court's consideration of the Plan document, apparently conceding that the other documents

- 2 -

were part of the public record in his prior action. However, an examination of the district court's opinion reveals that the district court did not merely rely upon judicial notice to consider the Plan document. Rather, the district court considered the Plan document because there was no dispute as to its authenticity, the document was referenced in the complaint, and the document was central to Clark's claims.

We find the district court properly considered the Plan document on the motion to dismiss. See, e.g., 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2004) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case."). Accordingly, we also find the district court properly denied (a) Clark's motion for oral argument regarding the court's consideration of the Plan document; and (b) Clark's motion for discovery, made on the assertion that the district court would convert the motion into one for summary judgment if it considered the Plan document.

Clark challenges as impermissible fact-finding the district court's reasoning that the documents provided to him by

the Plan "were not the actual pension plan documents but projections provided to [Clark] by the Plan about his estimated pension benefits." (District Court's Mem. and Order at 7). On their face, these various documents purport to be mere projections of estimated pension benefits and refer to a separate written pension plan document as controlling Clark's actual benefits. Accordingly, we find no error.

The district court assessed the Plan document and the plan statements given to Clark and reasoned that Clark was not entitled to the benefits projected in several plan statements. The district court noted the plan statements erred to varying degrees in crediting Clark for time that he was not vested in the Plan and for an eleven-year period in which Clark was not employed by BASF. The district court noted that the only relief Clark sought in his complaint and amended complaint was for pension benefits in accordance with the erroneous pension plan projections. The district court found that such relief was unavailable under ERISA, even on an equitable estoppel theory, as the relief would effectively vary the terms of the formal plan by informal communications. We find the district court properly concluded Clark had failed to state a claim under ERISA.

We therefore affirm the district court's order on the reasoning of the district court. See Clark v. BASF Salaried Employees' Pension Plan, No. CA-03-213-1 (W.D.N.C. July 8, 2004).

We modify the judgment, however, to reflect that the dismissal is without prejudice. <u>See</u> <u>Griggs v. E.I. DuPont de Nemours & Co.</u>, 385 F.3d 440 (4th Cir. 2004).[*] Thus, we affirm the district court's order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>

---

[*]The court expresses no opinion as to the propriety or merits of any potential claim for recessionary relief under ERISA.